**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE,<br>6218 Georgia Avenue, NW, Ste. 1-1235<br>Washington, DC 20011-5125, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 24-3622 |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF STATE<br>The Executive Office<br>Office of the Legal Advisor, Suite 5.600<br>600 19th Street, NW<br>Washington, DC 20522, | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff Functional Government Initiative ("FGI") brings this action against Defendant United States Department of State ("State Department"), to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff FGI is nonprofit corporation, exempt from federal income taxes under section 501(c)(3) of the U.S. Internal Revenue Code. FGI is dedicated to improving the

1

American public's access to information about the officials, decisions, actions, and priorities of their government.

4.     Defendant United States Department of State is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 2201 C Street N.W., Washington, D.C. 20520.  Defendant State Department has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.     FGI routinely submits FOIA requests, and this matter concerns three FOIA requests submitted to Defendant, to which Defendant has failed to respond.  The requests seek records related under the purview of the agency and its components and would give the public significantly more transparency into the work the agency is doing.

6.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant is required to respond to FGI's FOIA requests within 20 working days of each request, but that deadline is extended to no more than 10 working days if there are "unusual circumstances" as defined by 5 U.S.C. § 552(a)(6)(B)(iii).

7.     Attorney General Merrick Garland stated that the FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government," and that the "'basic purpose … is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the government accountable to the governed.'"  Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* at 1 (Mar. 15, 2022).

8.     With regards to FGI's FOIA requests, the statutory deadline has passed, and Defendant has failed to provide a substantive response to the FOIA requests.  In fact, as of the

date of this Complaint, Defendant has produced no records and has failed to assert any claims that responsive records are exempt from production.

9.    Since Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), FGI is deemed to have fully exhausted any and all administrative remedies with respect to its FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

**A.    FGI'S FOIA REQUEST FOR RECORDS TO THE STATE DEPARTMENT'S BUREAU OF CYBERSPACE AND DIGITAL POLICY.**

10.    On September 27, 2024, FGI submitted a FOIA request online to Defendant's Bureau of Cyberspace and Digital Policy.  *See* Exhibit A.  The request sought "records related to … Discussions related to the European Union's Digital Services Act, which was adopted on October 19, 2022 [and] Communications with the White House regarding the European Union's Digital Services Act" involving the following individuals:

- Jennifer Bachus, Principal Deputy Assistant Secretary
- Eileen Donahoe, Special Envoy and Coordinator for Digital Freedom
- Nathaniel C. Fick, Ambassador at Large
- Liesyl Franz, Deputy Assistant Secretary for International Cyberspace Security
- Steve Lang, US Coordinator for International Communications and Information Policy
- Shawn Powers, Director for Strategic Planning and Communications

The request also sought communications with the listed custodians and 16 external organizations.  The time period covered by the FOIA request was October 19, 2022 until the search begins.  The responsive records would provide increased transparency and allow the public to see if and how State Department officials were collaborating or discussing EU censorship.

11.    On September 27, 2024, Defendant acknowledged receipt of the FOIA request and assigned the request number F-2024-22053.  *See* Exhibit B.

12.     In an email dated October 25, 2024, Defendant further acknowledged receipt of the FOIA request and stated that it would not be able to respond to the request within 20 business days due to unusual circumstances.  *See* Exhibit C.

13.     As of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

**B.      FGI'S FOIA REQUEST FOR RECORDS TO THE DEPARTMENT OF STATE'S GLOBAL ENGAGEMENT CENTER.**

14.     On September 27, 2024, FGI submitted a FOIA request online to Defendant's Global Engagement Center.  *See* Exhibit D.  The request sought "records related to … Discussions related to the European Union's Digital Services Act, which was adopted on October 19, 2022 [and] Communications with the White House regarding the European Union's Digital Services Act" involving the following custodians:

- Leah Bray, Acting Coordinator
- James P. Rubin, Special Envoy and Coordinator
- The account GECMediaContacts@state.gov and the records of any staff who manage the incoming messages
- Any other staff who would receive or respond to media inquiries, including with their individual assigned email addresses and not only to and from the "media contacts" address

The request also sought communications with the listed custodians and 16 external organizations.  The time period covered by the FOIA request was October 19, 2022 until the search begins.  The responsive records would provide increased transparency and allow the public to see if and how State Department officials were collaborating or discussing EU censorship.

15.     In an email dated September 27, 2024, Defendant acknowledged receipt of the FOIA request and assigned the request number F-2024-22054.  *See* Exhibit E.

16.    In an email dated October 16, 2024, Defendant further acknowledged receipt of the FOIA request and stated that it would not be able to respond to the request within 20 business days due to unusual circumstances. *See* Exhibit F.

17.    As of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

**C.    FGI'S FOIA REQUEST FOR RECORDS RELATED TO SEPTEMBER 13, 2024 *NEW YORK POST* ARTICLE.**

18.    On October 7, 2024, FGI submitted a FOIA request online to Defendant. *See* Exhibit G.  The request sought "internal press guidance referenced in the *New York Post* article published on September 13, 2024, including records to show individuals or groups were involved, its preparation and implementation, and any other records about that reported guidance" and also records with the following terms:

- "Matt Taibbi"
- "Gabe Kaminsky"
- "Washington Examiner"
- "NY Post"
- "New York Post"
- "Global Disinformation Index"
- "GDI"
- "disinformationindex.org"
- "National Endowment for Democracy"
- "NED"
- "ned.org"
- "Disinformation risk measurement"
- "Conservative media outlets"
- "Blacklist"
- "Park Advisors"

The request sought the listed search terms from the following custodians:

- Antony Blinken, Secretary
- Kurt Campbell, Deputy Secretary
- Suzy George, Chief of Staff
- Lee Satterfield, Acting Under Secretary for Public Diplomacy and Public Affairs

- Stephanie C. Sutton, Acting Assistant Secretary, Bureau of Global Public Affairs
- Kristin Kane, Principal Deputy Assistant Secretary, Bureau of Global Public Affairs
- Jennifer McKewan, Director, Office of Press Operations
- Naz Durakoglu, Assistant Secretary, Bureau of Legislative Affairs
- Roy Awabdeh, Deputy Assistant Secretary for Senate Affairs, Bureau of Legislative Affairs
- Stacy A. Thompson, Deputy Assistant Secretary for House Affairs, Bureau of Legislative Affairs
- Leah Bray, Acting Coordinator, Global Engagement Center
- James P. Rubin, Special Envoy and Coordinator, Global Engagement Center
- The account GECMediaContacts@state.gov and the records of any staff who manage the incoming messages at the Global Engagement Center
- Any other staff who would receive or respond to media inquiries, including their individual assigned email addresses and not only to and from the "media contacts" address at the Global Engagement Center

The time period covered by the FOIA request was January 1, 2023, until the search begins. The responsive records would provide increased transparency and allow the public to see how State Department officials responded to the news reported in the *New York Post* article.

19. In an email dated October 7, 2024, Defendant acknowledged receipt of the FOIA request and assigned the request number F-2025-00882. *See* Exhibit H.

20. In an email dated October 28, 2024, Defendant further acknowledged receipt of the FOIA request and stated that it would not be able to respond to the request within 20 business days due to unusual circumstances. *See* Exhibit I.

21. As of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

**CAUSE OF ACTION**
**(Violation of FOIA, 5 U.S.C. § 552)**

22. Plaintiff realleges paragraphs 1 through 21 as though fully set forth herein.

23.     Defendant has failed to make a determination regarding FGI's FOIA requests for records within the statutory time limit and is unlawfully withholding records requested by FGI pursuant to 5 U.S.C. § 552.

24.     FGI is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and FGI will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Functional Government Initiative requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

a.  An order and judgment requiring the Defendant to conduct a search for any and all records responsive to FGI's FOIA requests and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to FGI's requests;

b.  An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to FGI's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

c.  An order and judgment permanently enjoining the Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to FGI's FOIA requests;

d.  Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e.  Any other relief that this Court in its discretion deems just and proper.

*/s/ Jeremiah L. Morgan*

Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
jmorgan@lawandfreedom.com
*Counsel for Plaintiff*
Dated:  December 30, 2024                    FUNCTIONAL GOVERNMENT
INITIATIVE