Exhibit A



**FUNCTIONAL GOVERNMENT
INITIATIVE**

September 27, 2024

Submitted online via https://foia.gov

Department of State
Office of Information Programs and Services
2201 C Street, NW
Washington, DC 20520

Re:     Records relating to the EU's Digital Services Act

Dear Freedom of Information Act Officer:

The Functional Government Initiative (FGI) submits this request for records under the Freedom of Information Act, 5 U.S.C. § 552, as amended (FOIA), and the relevant implementing regulations of the Department of State. FGI, a non-partisan organization, engages in research, investigation, and education to promote transparency in government.

Your prompt response pursuant to the requirements of FOIA, 5 U.S.C. § 522(a)(6)(A), is appreciated.

<u>REQUESTED RECORDS</u>

FGI requests from the Department of State, Bureau of Cyberspace and Digital Policy, from October 19, 2022, until the date the search begins, all records relating to the following:

- Discussions related to the European Union's Digital Services Act, which was adopted on October 19, 2022[1]
- Communication with the White House regarding the European Union's Digital Services Act
- Communications with or individuals representing the external organizations below, regarding the European Union's Digital Services Act

External Organizations:

- National Endowment for Democracy (ned.org)
- Cambridge University Social Decision-Making Lab (psychol.cam.ac.uk)
- The Atlantic Council (atlanticcouncil.org)
- Institute for Strategic Dialogue (isdglobal.org)
- Meedan (meedan.com)
- The National Conference on Citizenship (ncoc.org)
- The Algorithmic Transparency Institute (ati.io)
- Stanford Internet Observatory – Cyber Policy Center (cyber-center@stanford.edu)
- International Republican Institute (iri.org)

---

[1] https://eur-lex.europa.eu/eli/reg/2022/2065/oj

- National Democratic Institute (ndi.org)
- Google Jigsaw (we are unaware of the organization's email domain)
- Microsoft Democracy Forward (we are unaware of the organization's email domain)
- Internews (internews.org)
- The Wilson Center (wilsoncenter.org)
- Carnegie Endowment for International Peace (ceip.org)
- Center for Democracy and Technology (cdt.org)

- These email domains are included to aid the search, but are not limited to just the ones listed and there may be other email domains if the organization uses a third-party representative

Please search the following custodians:

- Jennifer Bachus, Principal Deputy Assistant Secretary
- Eileen Donahoe, Special Envoy and Coordinator for Digital Freedom
- Nathaniel C. Fick, Ambassador at Large
- Liesyl Franz, Deputy Assistant Secretary for International Cyberspace Security
- Steve Lang, US Coordinator for International Communications and Information Policy
- Shawn Powers, Director for Strategic Planning and Communications

The term "all records" in this request refers to letters, correspondence, emails including attachments, calendars, electronic meeting invitations and replies, facsimiles, memoranda, text messages (including messages on encrypted apps such as Signal or WhatsApp), notes from meetings and phone calls, minutes of meetings, agendas of meetings, comments, files, presentations, consultations, drawings, diagrams, graphs, charts, assessments, evaluations, telephone records and logs, collaboration platforms (such as Microsoft Teams, Slack and Zoom), papers (published or unpublished), reports, studies, photographs and other images, databases, data, maps, or all other responsive records in draft or final form that fall within the definition of "agency records" subject to FOIA. This request is not meant to exclude any other records that, although not specifically requested, are reasonably related to the subject matter of this request.

We ask that you please provide all records in an electronic format and, to the extent practicable, in native file format or, if not practicable, with full metadata for all fields. FOIA provides that "an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format."[2] Please provide records in either a load-ready format with an index in .csv file or Excel spreadsheet, or in PDF format without any portfolios or embedded files and not in a single batched pdf file.

If you should seek to withhold or redact any responsive records, we request that you do the following:

1. Identify each such record with specificity, including date, author, recipient, and parties copied,
2. Explain in full the basis for withholding responsive material,
3. Provide all segregable portions of the records for which you claim a specific exemption[3],

---

[2] 5 U.S.C. § 552(a)(3)(B).
[3] See 5 U.S.C. § 552(b).

and

4. Correlate any redactions with specific exemptions under FOIA.

If you or your office have destroyed or decide to withhold any records that could be reasonably construed to be responsive to this request, please indicate this fact and state the reasons for doing so in your response. Agencies are prohibited from denying requests for information under FOIA unless the agency reasonably believes release of the information will harm an interest that is protected by the exemption.[4]

Should you decide to invoke a FOIA exemption or any subsection (c) exclusions, please include sufficient information for us to assess the basis for the exemption, including any interests that would be harmed by release. Please include a detailed ledger with the following:

1. Basic factual material about each withheld record, including the originator, date, length, general subject matter, and location of each item, and
2. Complete justifications for each withheld records, including the specific exemptions under which the record or portion thereof, was withheld and a full explanation of how each exemption applies to the withheld material. Such statements will be helpful in deciding whether to appeal an adverse determination. Your written justifications may help to avoid litigation.

If you determine that portions of the records requested are exempt from disclosure, we request that you segregate the exempt portions and send the non-exempt portions to my email address below within the statutory time limit.[5]

FGI is willing to receive records on a rolling basis.

To facilitate our request most efficiently, we request that the FOIA office use the agency's email management system as part of the search for this request.

<u>REQUEST FOR FEE WAIVER</u>

Pursuant to 5 U.S.C. § 552 and the relevant FOIA regulations, we request a waiver of fees for searching and producing the requested records. FOIA provides for a waiver of fees when a request is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."[6]

Below are details explaining (1) how the disclosure of the requested records is in the public interest, (2) that FGI intends distribute information to a broad audience of interested persons, and (3) that FGI has no commercial interests.

In addition, FGI is a "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience" and thus qualifies as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii). Below are details explaining (4) how FGI clearly meets these criteria.

---

[4] FOIA Improvement Act of 2016 (Public Law No. 114-185), 5 U.S.C. § 552(a)(8)(A).
[5] 5 U.S.C. § 552(b).
[6] 5 U.S.C. § 552(a)(4)(A)(iii).

1. <u>THE REQUEST IS IN THE PUBLIC INTEREST.</u>

Under FOIA, an agency must consider factors to determine whether a request is in the public interest. These include the following:

    A.  Whether the subject of the requested records concerns "the operations or activities of the Federal government,"
    B.  Whether the disclosure is "likely to contribute significantly" to an understanding of government operations or activities, and
    C.  Whether the disclosure "will contribute to public understanding" of a reasonably broad audience of persons interested in the subject.

As shown below, FGI meets each of these factors.

**A. The requested records concern the operations and activities of the Federal government.**

This request relates to the operations and activities of federal government. The Department of Justice Freedom of Information Act Guide acknowledges that "in most cases records possessed by a federal agency will meet this threshold."[7] Thus, FGI meets this factor.

**B. Disclosure is "likely to contribute significantly" to an understanding of government operations or activities.**

Disclosure of the requested records is certain to contribute to public understanding of what agency officials have been discussing with their EU counterparts regarding online content moderation and censorship, FGI will evaluate the information and present it to its followers and make it available to the public.

FGI is not requesting these records merely for their intrinsic informational value. The public is always well served when it knows how the government conducts its activities, and the requested records would provide insight in how important decisions were made by federal officials. Hence, there can be no dispute that disclosure of the requested records to the public will significantly increasing the public's understanding about the agency's actions and decisions and whether agency actions were conducted in an objective and legal way.

Thus, FGI meets this factor.

**C. Disclosure of the requested records will contribute to the understanding of a reasonably broad audience.**

FGI has the ability and intention to convey this information to a broad audience by means discussed below. With significant media coverage of online content moderation and censorship, a broad audience would clearly be interested. Access to the requested records could improve understanding of the agency's discussions.

Such public oversight of agency action is vital to our democratic system and clearly envisioned by the drafters of the FOIA. Thus, FGI meets this factor.

---

[7] https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/fees-feewaivers.pdf

## 2. FGI HAS THE ABILITY AND INTENT TO DISSEMINATE THE INFORMATION TO A REASONABLY BROAD AUDIENCE INTERESTED IN THE SUBJECT.

FGI is a non-partisan organization that researches government operations and informs the public its findings. Access to information about the activities and decisions of government officials is vital to fulfilling this mission. Once the information is obtained, FGI has robust mechanisms in place, including its website, social media channels, and other platforms, to share information. FGI intends to use its channels to publish the information from these requested records, along with expert analysis. FGI also has a broad network of reporters, bloggers, and media publications with interest in its content and with durable relationships with the organization. FGI intends to use these far-reaching media outlets to publicize information obtained from this request.

Through these means, FGI's dissemination of the information will do the following:

- Ensure that the information requested contributes significantly to the public's understanding of the government's operations or activities,
- Ensure that the information enhances the public's understanding to a greater degree than currently exists,
- Demonstrate that FGI possesses the expertise to explain the requested information to the public,
- Demonstrate that FGI possesses the ability to make the requested information accessible to the general public, and
- Demonstrate that the news media recognizes FGI as a reliable source in the relevant fields.

In determining whether disclosure of requested information will contribute significantly to public understanding, a guiding test is whether the requester will disseminate the information to a reasonably broad audience of persons interested in the subject.[8] FGI need not show how it intends to distribute the information, because, as the court noted, "nothing in FOIA, the [agency] regulation, or our case law require[s] such pointless specificity."[9] It is sufficient for FGI to show how it distributes information to the public generally.[10]

## 3. OBTAINING THE REQUESTED RECORDS IS OF NO COMMERCIAL INTEREST TO FGI.

Disclosure is in no way connected with any commercial interest of the requestors. FGI is a non-partisan organization. FGI has no commercial interest and will realize no commercial benefit from the release of the requested records.

## 4. FGI IS A REPRESENTATIVE OF THE NEWS MEDIA.

Under FOIA, the term "representative of the news media" includes any person or entity that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience."[11]  In *Cause of Action v. Federal Trade Commission*, the Court of Appeals for the District of Columbia broke the test for who is a media entity into five parts: "A requester must: (1) gather information of potential

---

[8] *Carney v U.S. Dept. of Justice*, 19 F.3d 807 (2nd Cir. 1994).
[9] *Judicial Watch*, 326 F.3d at 1314.
[10] *Id*.
[11] 5 U.S.C. § 552(a)(4)(A)(ii).

interest (2) to a segment of the public; (3) use its editorial skills to turn the raw materials into a distinct work; and (4) distribute that work (5) to an audience."[12] [13]

In interpreting this test, the court noted that "the news-media waiver… focuses on the nature of the *requester*, not its request."[14] Accordingly, when a requester "satisfies the five criteria as a general matter, it does not matter whether any of the individual FOIA requests does so."[15]  Moreover, the media entity waiver applies to newer organizations as well as older ones, as the court noted: "there is no indication that Congress meant to make the lack of a prior publication record disqualifying when it enacted the statutory definition in 2007."[16]

**A.   FGI gathers information of potential interest.**

FGI's mission is to demand transparency and promote shared values and beliefs in a thriving economy, a government that serves the public, a strong workforce, and a safe and clean environment. As part of this mission, FGI engages in investigations and education initiatives around important issues, including high energy prices, the government's COVID-19 response, and government transparency. These are topics of broad public interest, as evidenced by the fact that multiple news outlets have written stories on FGI's work. You can see several FGI's media mentions at https://functionalgovernment.org/category/media-mentions/.

**B.   FGI gathers information of interest to a segment of the public.**

As demonstrated above, the information that FGI gathers is of interest to a segment of the public. This includes but is not limited to the segment of the public concerned with government transparency. The size of the segment of the public interests in any particularly information gathering project may vary, however, as the court has noted, "[a] newspaper reporter, for example, is a representative of the news media regardless of how much interest there is in the story for which he or she is requesting information."[17] Moreover, as long as FGI "satisfies the five criteria as a general matter, it does not matter whether any of the individual FOIA requests does so."[18]

As set forth above, FGI believes that this request is of interest to a reasonably broad segment of the public. Even if the agency disagrees, however, there can be no doubt that other issues about which FGI gathers information, such as drivers of inflation in the United States, energy prices, government transparency and more, are of interest to a significant audience.

Accordingly, FGI is an organization that gathers information of interest to a segment of the population.

**C.   FGI uses its editorial skills to turn raw materials into distinct works.**

---

[12] 799 F.3d 1108, 1120 (D.C. Cir. 2015).

[13] The court further noted that "the news-media fee waiver applies only to records that 'are not sought for commercial use.'" *Cause of Action*, 700 F.3d at 1120. For the reasons set forth in section 3 above, FGI is not requesting these records for commercial use.

[14] 799 F.3d 1108, 1120 (D.C. Cir. 2015) at 1121 (emphasis in the original).

[15] *Id.*

[16] *Id.* at 1124.

[17] *Cause of Action*, 799 F.3d at 1121.

[18] *Id.*

As the D.C. Circuit Court has stated, "A substantive press release or editorial comment can be a distinct work based on the underlying material, just as a newspaper article about the same documents would be — and its composition can involve 'a significant degree of editorial discretion.'"[19] Furthermore, "nothing in principle prevents a journalist from producing 'distinct work' that is based exclusively on documents obtained through FOIA."[20]

FGI is an entity that uses its editorial skills to turn raw materials into distinct works. It routinely issues substantive press releases detailing its activities, posted at functionalgovernment.org. These press releases have included substantive analysis of the information gathered by FGI with a significant degree of editorial discretion. FGI has also prepared detailed reports, posted on its website, and FGI provides substantive editorial comment to other journalists, with many news clips posted on website, as well.

Like a newspaper or other media outlet, FGI uses its editorial skills to turn raw materials into distinct works and intends to do so for other subjects as it gathers additional information. Thus, FGI meets this test.

### D. FGI distributes its work to an audience.

For purposes of FOIA, "posting content to a public website can qualify as a means of distributing it — notwithstanding that readers have to affirmatively access the content, rather than have it delivered to their doorsteps or beamed into their homes unbidden."[21] Moreover, while "[t]here is no doubt that the requirement that a requester distribute its work to 'an audience' contemplates that the work is distributed to more than a single person… beyond requiring that a person or entity have readers (or listeners or viewers), the statute does not specify what size the audience must be."[22] Additionally, "[t]he fact that [a media entity's] readership is relatively small … is irrelevant."[23]

Assessing whether a media entity distributes its work to an audience includes consideration of "past record, current operations, and future plans jointly."[24]

In addition, the court rejected "the suggestion that a public interest advocacy organization cannot satisfy the statute's distribution criterion because it is 'more like a middleman for dissemination to the media than a representative of the media itself,'" concluding "there is no indication that Congress meant to distinguish between those who reach their ultimate audiences directly and those who partner with others to do so, as some recognized journalistic enterprises do."[25]

FGI will continue to use its website to distribute original editorial content, including press releases. FGI has email subscribers and intends to establish a greater social media presence to reach its audience directly. In addition, FGI has durable relationships with a broad network of reporters, bloggers, and media publications interested in its content and with whom FGI has partnered to distribute its distinct editorial commentary.

---

[19] *Cause of Action*, 799 F.3d 1122 (quoting *Nat. Sec. Archive v. U.S. Dept. of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989)).
[20] *Id.*
[21] *Cause of Action*, 799 F.3d at 1123.
[22] *Id.* at 1124 (footnote omitted).
[23] *Id.* at 1124 (quoting *Tax Analysts v. Dept. of Justice*, 965 F.2d 1092, 1095 (D.C. Cir. 1992)).
[24] *Id.* at 1124.
[25] *Id.* at 1125 (citations omitted).

Accordingly, FGI distributes its work to an audience.

**E.  FGI qualifies as a representative of the news media.**

Under the applicable law, a government accountability group such as FGI qualifies as a media organization for purposes of FOIA when it gathers information of potential interest and uses it to create original content, which can be as simple as issuing a press release or comment to other media organizations, and distributes it, which can be as simple as posting it on a website with an audience greater than one. This is true even if an organization does not have a long track record.

Accordingly, under the standard set forth in FOIA and interpreted in *Cause of Action*, FGI clearly qualifies as a representative of the news media.

FGI QUALIFIES FOR A FULL FEE WAIVER.

For all the foregoing reasons, FGI qualifies for a full fee waiver. At minimum, FGI qualifies as a representative of the news media that is exempt from search and production costs. We anticipate that you will promptly grant our fee waiver request and begin to search and disclose the requested records without any unnecessary delays.

Thank you for your prompt attention to this request. If you have any questions, please contact me. Records and any related correspondence should be sent to my attention to the email address below.

Sincerely,

Roderick Law
Communications Associate
Functional Government Initiative
6218 Georgia Avenue NW, Ste 1 - 1235
Washington, DC 20011-5125
foia@functionalgovernment.org

# Exhibit B

**Ref: F-2024-22053**



| From | <foiastatus@state.gov> |
|------|------------------------|
| To   | <foia@functionalgovernment.org> |
| Date | 2024-09-27 1:11 pm |

Dear Chris Stanley:


This acknowledges your information access request to the U.S. Department of State.  Your request number is F-2024-22053. You will find additional information such as the date your request was received and your request status in your electronic portal page under this case number.


If you requested expedited processing, a fee waiver, or if unusual circumstances apply, you will receive additional correspondence from us.

For further assistance or to discuss any aspect of your request, you may contact our FOIA Requester Service Center or our FOIA Public Liaison via email to FOIAStatus@state.gov or by telephone at (202) 261-8484.



Regards,
Requesters Communications Branch
Office of Information Programs and Services
U.S. Department of State

Exhibit C

# Ref: F-2024-22053, Freedom of Information Act Acknowledgement

From    FOIAstatus@state.gov <FOIAstatus@state.gov>

To    foia@functionalgovernment.org

Date    Friday, October 25th, 2024 at 10:18 AM

Ack FWDefer ltr draft:

Stanley:

This email acknowledges receipt of your September 27, 2024, Freedom of Information Act (FOIA) (5 U.S.C. § 552) request received by the U.S. Department of State, Office of Information Programs and Services on September 27, 2024, regarding FGI requests from the Department of State, Bureau of Cyberspace and Digital Policy, from October 19, 2022, until the date the search begins, all records relating to the following: • Discussions related to the European Union's Digital Services Act, which was adopted on October 19, 2021 • Communication with the White House regarding the European Union's Digital Services Act • Communications with or individuals representing the external organizations below, regarding the European Union's Digital Services Act. Unless you advise otherwise, we will treat as non-responsive any compilations of publicly available news reports and any publicly available documents not created by the U.S. government, such as mass-distribution emails from news media. This Office assigned your request the subject reference number and placed it in the complex processing track where it will be processed as quickly as possible. See 22 CFR § 171.11(h).

You requested a waiver for all fees associated with the processing of your request. Please be advised this Office will make a determination regarding a fee waiver at a later date.

This Office will not be able to respond within the 20 days provided by the statute due to "unusual circumstances." See 5 U.S.C. § 552(a)(6)(B)(i)-(iii). In this instance, the unusual circumstances include the need to search for and collect requested records from other Department offices or Foreign Service posts.

If you have any questions regarding your request, would like to narrow the scope or arrange an alternative time frame to speed its processing, or would like an estimated date of completion, please contact our FOIA Requester Service Center or our FOIA Public Liaison by email at FOIAstatus@state.gov or telephone at 202-261-8484. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448.

Sincerely,


Ennelle Debrosse

Branch Chief

FOIA Case Processing/Information Access Programs

Shared Knowledge Services

---

**168.32 KB**   2 files attached

| State BCDP DSA FOIA .pdf 162.69 KB | FOIA Request confirmation #1559941.pdf 5.64 KB |

Exhibit D



**FUNCTIONAL GOVERNMENT INITIATIVE**

September 27, 2024

Submitted online via https://foia.gov

Department of State
Office of Information Programs and Services
2201 C Street, NW
Washington, DC 20520

Re:    Records relating to the EU's Digital Services Act

Dear Freedom of Information Act Officer:

The Functional Government Initiative (FGI) submits this request for records under the Freedom of Information Act, 5 U.S.C. § 552, as amended (FOIA), and the relevant implementing regulations of the Department of State. FGI, a non-partisan organization, engages in research, investigation, and education to promote transparency in government.

Your prompt response pursuant to the requirements of FOIA, 5 U.S.C. § 522(a)(6)(A), is appreciated.

<u>REQUESTED RECORDS</u>

FGI requests from the Department of State, Global Engagement Center, from October 19, 2022, until the date the search begins, all records relating to the following:

- Discussions related to the European Union's Digital Services Act, which was adopted on October 19, 2022[1]
- Communication with the White House regarding the European Union's Digital Services Act
- Communications with or individuals representing the external organizations below, regarding the European Union's Digital Services Act

External Organizations:

- National Endowment for Democracy (ned.org)
- Cambridge University Social Decision-Making Lab (psychol.cam.ac.uk)
- The Atlantic Council (atlanticcouncil.org)
- Institute for Strategic Dialogue (isdglobal.org)
- Meedan (meedan.com)
- The National Conference on Citizenship (ncoc.org)
- The Algorithmic Transparency Institute (ati.io)
- Stanford Internet Observatory – Cyber Policy Center (cyber-center@stanford.edu)
- International Republican Institute (iri.org)

---

[1] https://eur-lex.europa.eu/eli/reg/2022/2065/oj

- National Democratic Institute (ndi.org)
- Google Jigsaw (we are unaware of the organization's email domain)
- Microsoft Democracy Forward (we are unaware of the organization's email domain)
- Internews (internews.org)
- The Wilson Center (wilsoncenter.org)
- Carnegie Endowment for International Peace (ceip.org)
- Center for Democracy and Technology (cdt.org)

- These email domains are included to aid the search, but are not limited to just the ones listed and there may be other email domains if the organization uses a third-party representative

Please search the following custodians:

- Leah Bray, Acting Coordinator
- James P. Rubin, Special Envoy and Coordinator
- The account GECMediaContacts@state.gov and the records of any staff who manage the incoming messages
- Any other staff who would receive or respond to media inquiries, including with their individual assigned email addresses and not only to and from the "media contacts" address

The term "all records" in this request refers to letters, correspondence, emails including attachments, calendars, electronic meeting invitations and replies, facsimiles, memoranda, text messages (including messages on encrypted apps such as Signal or WhatsApp), notes from meetings and phone calls, minutes of meetings, agendas of meetings, comments, files, presentations, consultations, drawings, diagrams, graphs, charts, assessments, evaluations, telephone records and logs, collaboration platforms (such as Microsoft Teams, Slack and Zoom), papers (published or unpublished), reports, studies, photographs and other images, databases, data, maps, or all other responsive records in draft or final form that fall within the definition of "agency records" subject to FOIA. This request is not meant to exclude any other records that, although not specifically requested, are reasonably related to the subject matter of this request.

We ask that you please provide all records in an electronic format and, to the extent practicable, in native file format or, if not practicable, with full metadata for all fields. FOIA provides that "an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format."[2] Please provide records in either a load-ready format with an index in .csv file or Excel spreadsheet, or in PDF format without any portfolios or embedded files and not in a single batched pdf file.

If you should seek to withhold or redact any responsive records, we request that you do the following:

1. Identify each such record with specificity, including date, author, recipient, and parties copied,
2. Explain in full the basis for withholding responsive material,
3. Provide all segregable portions of the records for which you claim a specific exemption[3],

---

[2] 5 U.S.C. § 552(a)(3)(B).
[3] See 5 U.S.C. § 552(b).

and

4. Correlate any redactions with specific exemptions under FOIA.

If you or your office have destroyed or decide to withhold any records that could be reasonably construed to be responsive to this request, please indicate this fact and state the reasons for doing so in your response. Agencies are prohibited from denying requests for information under FOIA unless the agency reasonably believes release of the information will harm an interest that is protected by the exemption.[4]

Should you decide to invoke a FOIA exemption or any subsection (c) exclusions, please include sufficient information for us to assess the basis for the exemption, including any interests that would be harmed by release. Please include a detailed ledger with the following:

1. Basic factual material about each withheld record, including the originator, date, length, general subject matter, and location of each item, and
2. Complete justifications for each withheld records, including the specific exemptions under which the record or portion thereof, was withheld and a full explanation of how each exemption applies to the withheld material. Such statements will be helpful in deciding whether to appeal an adverse determination. Your written justifications may help to avoid litigation.

If you determine that portions of the records requested are exempt from disclosure, we request that you segregate the exempt portions and send the non-exempt portions to my email address below within the statutory time limit.[5]

FGI is willing to receive records on a rolling basis.

To facilitate our request most efficiently, we request that the FOIA office use the agency's email management system as part of the search for this request.

<u>REQUEST FOR FEE WAIVER</u>

Pursuant to 5 U.S.C. § 552 and the relevant FOIA regulations, we request a waiver of fees for searching and producing the requested records. FOIA provides for a waiver of fees when a request is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."[6]

Below are details explaining (1) how the disclosure of the requested records is in the public interest, (2) that FGI intends distribute information to a broad audience of interested persons, and (3) that FGI has no commercial interests.

In addition, FGI is a "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience" and thus qualifies as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii). Below are details explaining (4) how FGI clearly meets these criteria.

---

[4] FOIA Improvement Act of 2016 (Public Law No. 114-185), 5 U.S.C. § 552(a)(8)(A).
[5] 5 U.S.C. § 552(b).
[6] 5 U.S.C. § 552(a)(4)(A)(iii).

1. <u>THE REQUEST IS IN THE PUBLIC INTEREST.</u>

Under FOIA, an agency must consider factors to determine whether a request is in the public interest. These include the following:

A. Whether the subject of the requested records concerns "the operations or activities of the Federal government,"
B. Whether the disclosure is "likely to contribute significantly" to an understanding of government operations or activities, and
C. Whether the disclosure "will contribute to public understanding" of a reasonably broad audience of persons interested in the subject.

As shown below, FGI meets each of these factors.

**A. The requested records concern the operations and activities of the Federal government.**

This request relates to the operations and activities of federal government. The Department of Justice Freedom of Information Act Guide acknowledges that "in most cases records possessed by a federal agency will meet this threshold."[7] Thus, FGI meets this factor.

**B. Disclosure is "likely to contribute significantly" to an understanding of government operations or activities.**

Disclosure of the requested records is certain to contribute to public understanding of what agency officials have been discussing with their EU counterparts regarding online content moderation and censorship, FGI will evaluate the information and present it to its followers and make it available to the public.

FGI is not requesting these records merely for their intrinsic informational value. The public is always well served when it knows how the government conducts its activities, and the requested records would provide insight in how important decisions were made by federal officials. Hence, there can be no dispute that disclosure of the requested records to the public will significantly increasing the public's understanding about the agency's actions and decisions and whether agency actions were conducted in an objective and legal way.

Thus, FGI meets this factor.

**C. Disclosure of the requested records will contribute to the understanding of a reasonably broad audience.**

FGI has the ability and intention to convey this information to a broad audience by means discussed below. With significant media coverage of online content moderation and censorship, a broad audience would clearly be interested. Access to the requested records could improve understanding of the agency's discussions.

Such public oversight of agency action is vital to our democratic system and clearly envisioned by the drafters of the FOIA. Thus, FGI meets this factor.

---

[7] https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/fees-feewaivers.pdf

2. <u>FGI HAS THE ABILITY AND INTENT TO DISSEMINATE THE INFORMATION TO A REASONABLY BROAD AUDIENCE INTERESTED IN THE SUBJECT.</u>

FGI is a non-partisan organization that researches government operations and informs the public its findings. Access to information about the activities and decisions of government officials is vital to fulfilling this mission. Once the information is obtained, FGI has robust mechanisms in place, including its website, social media channels, and other platforms, to share information. FGI intends to use its channels to publish the information from these requested records, along with expert analysis. FGI also has a broad network of reporters, bloggers, and media publications with interest in its content and with durable relationships with the organization. FGI intends to use these far-reaching media outlets to publicize information obtained from this request.

Through these means, FGI's dissemination of the information will do the following:

- Ensure that the information requested contributes significantly to the public's understanding of the government's operations or activities,
- Ensure that the information enhances the public's understanding to a greater degree than currently exists,
- Demonstrate that FGI possesses the expertise to explain the requested information to the public,
- Demonstrate that FGI possesses the ability to make the requested information accessible to the general public, and
- Demonstrate that the news media recognizes FGI as a reliable source in the relevant fields.

In determining whether disclosure of requested information will contribute significantly to public understanding, a guiding test is whether the requester will disseminate the information to a reasonably broad audience of persons interested in the subject.[8] FGI need not show how it intends to distribute the information, because, as the court noted, "nothing in FOIA, the [agency] regulation, or our case law require[s] such pointless specificity."[9] It is sufficient for FGI to show how it distributes information to the public generally.[10]

3. <u>OBTAINING THE REQUESTED RECORDS IS OF NO COMMERCIAL INTEREST TO FGI.</u>

Disclosure is in no way connected with any commercial interest of the requestors. FGI is a non-partisan organization. FGI has no commercial interest and will realize no commercial benefit from the release of the requested records.

4. <u>FGI IS A REPRESENTATIVE OF THE NEWS MEDIA.</u>

Under FOIA, the term "representative of the news media" includes any person or entity that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience."[11]  In *Cause of Action v. Federal Trade Commission*, the Court of Appeals for the District of Columbia broke the test for who is a media entity into five parts: "A requester must: (1) gather information of potential

---

[8] *Carney v U.S. Dept. of Justice*, 19 F.3d 807 (2nd Cir. 1994).
[9] *Judicial Watch*, 326 F.3d at 1314.
[10] *Id.*
[11] 5 U.S.C. § 552(a)(4)(A)(ii).

interest (2) to a segment of the public; (3) use its editorial skills to turn the raw materials into a distinct work; and (4) distribute that work (5) to an audience."[12] [13]

In interpreting this test, the court noted that "the news-media waiver… focuses on the nature of the *requester*, not its request."[14] Accordingly, when a requester "satisfies the five criteria as a general matter, it does not matter whether any of the individual FOIA requests does so."[15]  Moreover, the media entity waiver applies to newer organizations as well as older ones, as the court noted: "there is no indication that Congress meant to make the lack of a prior publication record disqualifying when it enacted the statutory definition in 2007."[16]

### A. FGI gathers information of potential interest.

FGI's mission is to demand transparency and promote shared values and beliefs in a thriving economy, a government that serves the public, a strong workforce, and a safe and clean environment. As part of this mission, FGI engages in investigations and education initiatives around important issues, including high energy prices, the government's COVID-19 response, and government transparency. These are topics of broad public interest, as evidenced by the fact that multiple news outlets have written stories on FGI's work. You can see several FGI's media mentions at https://functionalgovernment.org/category/media-mentions/.

### B. FGI gathers information of interest to a segment of the public.

As demonstrated above, the information that FGI gathers is of interest to a segment of the public. This includes but is not limited to the segment of the public concerned with government transparency. The size of the segment of the public interests in any particularly information gathering project may vary, however, as the court has noted, "[a] newspaper reporter, for example, is a representative of the news media regardless of how much interest there is in the story for which he or she is requesting information."[17] Moreover, as long as FGI "satisfies the five criteria as a general matter, it does not matter whether any of the individual FOIA requests does so."[18]

As set forth above, FGI believes that this request is of interest to a reasonably broad segment of the public. Even if the agency disagrees, however, there can be no doubt that other issues about which FGI gathers information, such as drivers of inflation in the United States, energy prices, government transparency and more, are of interest to a significant audience.

Accordingly, FGI is an organization that gathers information of interest to a segment of the population.

### C. FGI uses its editorial skills to turn raw materials into distinct works.

---

[12] 799 F.3d 1108, 1120 (D.C. Cir. 2015).
[13] The court further noted that "the news-media fee waiver applies only to records that 'are not sought for commercial use.'" *Cause of Action*, 700 F.3d at 1120. For the reasons set forth in section 3 above, FGI is not requesting these records for commercial use.
[14] 799 F.3d 1108, 1120 (D.C. Cir. 2015) at 1121 (emphasis in the original).
[15] *Id.*
[16] *Id.* at 1124.
[17] *Cause of Action*, 799 F.3d at 1121.
[18] *Id.*

As the D.C. Circuit Court has stated, "A substantive press release or editorial comment can be a distinct work based on the underlying material, just as a newspaper article about the same documents would be — and its composition can involve 'a significant degree of editorial discretion.'"[19] Furthermore, "nothing in principle prevents a journalist from producing 'distinct work' that is based exclusively on documents obtained through FOIA."[20]

FGI is an entity that uses its editorial skills to turn raw materials into distinct works. It routinely issues substantive press releases detailing its activities, posted at functionalgovernment.org. These press releases have included substantive analysis of the information gathered by FGI with a significant degree of editorial discretion. FGI has also prepared detailed reports, posted on its website, and FGI provides substantive editorial comment to other journalists, with many news clips posted on website, as well.

Like a newspaper or other media outlet, FGI uses its editorial skills to turn raw materials into distinct works and intends to do so for other subjects as it gathers additional information. Thus, FGI meets this test.

### D. FGI distributes its work to an audience.

For purposes of FOIA, "posting content to a public website can qualify as a means of distributing it — notwithstanding that readers have to affirmatively access the content, rather than have it delivered to their doorsteps or beamed into their homes unbidden."[21] Moreover, while "[t]here is no doubt that the requirement that a requester distribute its work to 'an audience' contemplates that the work is distributed to more than a single person... beyond requiring that a person or entity have readers (or listeners or viewers), the statute does not specify what size the audience must be."[22] Additionally, "[t]he fact that [a media entity's] readership is relatively small ... is irrelevant."[23]

Assessing whether a media entity distributes its work to an audience includes consideration of "past record, current operations, and future plans jointly."[24]

In addition, the court rejected "the suggestion that a public interest advocacy organization cannot satisfy the statute's distribution criterion because it is 'more like a middleman for dissemination to the media than a representative of the media itself,'" concluding "there is no indication that Congress meant to distinguish between those who reach their ultimate audiences directly and those who partner with others to do so, as some recognized journalistic enterprises do."[25]

FGI will continue to use its website to distribute original editorial content, including press releases. FGI has email subscribers and intends to establish a greater social media presence to reach its audience directly. In addition, FGI has durable relationships with a broad network of reporters, bloggers, and media publications interested in its content and with whom FGI has partnered to distribute its distinct editorial commentary.

---

[19] *Cause of Action*, 799 F.3d 1122 (quoting *Nat. Sec. Archive v. U.S. Dept. of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989)).
[20] *Id.*
[21] *Cause of Action*, 799 F.3d at 1123.
[22] *Id.* at 1124 (footnote omitted).
[23] *Id.* at 1124 (quoting *Tax Analysts v. Dept. of Justice*, 965 F.2d 1092, 1095 (D.C. Cir. 1992)).
[24] *Id.* at 1124.
[25] *Id.* at 1125 (citations omitted).

Accordingly, FGI distributes its work to an audience.

**E. FGI qualifies as a representative of the news media.**

Under the applicable law, a government accountability group such as FGI qualifies as a media organization for purposes of FOIA when it gathers information of potential interest and uses it to create original content, which can be as simple as issuing a press release or comment to other media organizations, and distributes it, which can be as simple as posting it on a website with an audience greater than one. This is true even if an organization does not have a long track record.

Accordingly, under the standard set forth in FOIA and interpreted in *Cause of Action*, FGI clearly qualifies as a representative of the news media.

<u>FGI QUALIFIES FOR A FULL FEE WAIVER.</u>

For all the foregoing reasons, FGI qualifies for a full fee waiver. At minimum, FGI qualifies as a representative of the news media that is exempt from search and production costs. We anticipate that you will promptly grant our fee waiver request and begin to search and disclose the requested records without any unnecessary delays.

Thank you for your prompt attention to this request. If you have any questions, please contact me. Records and any related correspondence should be sent to my attention to the email address below.

Sincerely,


Roderick Law
Communications Associate
Functional Government Initiative
6218 Georgia Avenue NW, Ste 1 - 1235
Washington, DC 20011-5125
foia@functionalgovernment.org

Exhibit E

**Ref: F-2024-22054**



**From** <foiastatus@state.gov>

**To** <foia@functionalgovernment.org>

**Date** 2024-09-27 1:11 pm

Dear Chris Stanley:


This acknowledges your information access request to the U.S. Department of State.  Your request number is F-2024-22054. You will find additional information such as the date your request was received and your request status in your electronic portal page under this case number.


If you requested expedited processing, a fee waiver, or if unusual circumstances apply, you will receive additional correspondence from us.

For further assistance or to discuss any aspect of your request, you may contact our FOIA Requester Service Center or our FOIA Public Liaison via email to FOIAStatus@state.gov or by telephone at (202) 261-8484.


Regards,
Requesters Communications Branch
Office of Information Programs and Services
U.S. Department of State

Exhibit F

# Ref: F-2024-22054, Freedom of Information Act Acknowledgement

| | |
|---|---|
| From | A_FOIAacknowledgement@groups.state.gov <A_FOIAacknowledgement@groups.state.gov> |
| To | foia@functionalgovernment.org |
| Date | Wednesday, October 16th, 2024 at 4:08 PM |

*THIS EMAIL BOX IS NOT MONITORED, PLEASE DO NOT REPLY TO THIS EMAIL.**

Dear Mr. Stanley:

This email acknowledges receipt of your September 27, 2024, Freedom of Information Act (FOIA) (5 U.S.C. § 552) request received by the U.S. Department of State, Office of Information Programs and Services on September 27, 2024.

You are seeking a copy of FGI requests from the Department of State, Global Engagement Center, from October 19, 2022, until the date the search begins, all records relating to the following: • Discussions related to the European Union's Digital Services Act, which was adopted on October 19, 20221 • Communication with the White House regarding the European Union's Digital Services Act • Communications with or individuals representing the external organizations below, regarding the European Union's Digital Services Act External Organizations: • National Endowment for Democracy (ned.org) • Cambridge University Social Decision-Making Lab (psychol.cam.ac.uk) • The Atlantic Council (atlanticcouncil.org) • Institute for Strategic Dialogue (isdglobal.org) • Meedan (meedan.com) • The National Conference on Citizenship (ncoc.org) • The Algorithmic Transparency Institute (ati.io) • Stanford Internet Observatory – Cyber Policy Center (cyber-center@stanford.edu) • International Republican Institute (iri.org) • National Democratic Institute (ndi.org) • Google Jigsaw (we are unaware of the organization's email domain) • Microsoft Democracy Forward (we are unaware of the organization's email domain) • Internews (internews.org) • The Wilson Center (wilsoncenter.org) • Carnegie Endowment for International Peace (ceip.org) • Center for Democracy and Technology (cdt.org) • These email domains are included to aid the search, but are not limited to just the ones listed and there may be other email domains if the organization uses a third-party representative Please search the following custodians: • Leah Bray, Acting Coordinator • James P. Rubin, Special Envoy and Coordinator • The account GECMediaContacts@state.gov and the records of any staff who manage the incoming messages • Any other staff who would receive or respond to media inquiries, including with their individual assigned email addresses and not only to and from the "media contacts" address Please see the request letter for additional details.. Unless you advise otherwise, we will treat as non-responsive any compilations of publicly available news reports and any publicly available documents not created by the U.S. government, such as mass-distribution emails from news media. This Office assigned your request the subject reference number and placed it in the complex processing track where it will be processed as quickly as possible. See 22 CFR § 171.11(h).

This Office will not be able to respond within the 20 days provided by the statute due to "unusual circumstances." See 5 U.S.C. § 552(a)(6)(B)(i)-(iii). In this instance, the unusual circumstances include the need to search for and collect requested records from other Department offices or Foreign Service posts.

You will not be charged FOIA processing fees.

If you have any questions regarding your request, would like to narrow the scope or arrange an alternative time frame to speed its processing, or would like an estimated date of completion, please contact our FOIA Requester Service Center or our FOIA Public Liaison by email at **FOIAstatus@state.gov** or telephone at 202-261-8484. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email at **ogis@nara.gov** ; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

**\*\*THIS EMAIL BOX IS NOT MONITORED, PLEASE DO NOT REPLY TO THIS EMAIL.\*\***

---

**163.29 KB**  1 file attached

State GEC DSA FOIA .pdf  163.29 KB

Exhibit G



**FUNCTIONAL GOVERNMENT
INITIATIVE**

October 7, 2024

Submitted online via https://foia.gov

Department of State
Office of Information Programs and Services
2201 C Street, NW
Washington, DC 20520

Re:    Records relating to press guidance

Dear Freedom of Information Act Officer:

The Functional Government Initiative (FGI) submits this request for records under the Freedom of
Information Act, 5 U.S.C. § 552, as amended (FOIA), and the relevant implementing regulations of
the Department of State. FGI, a non-partisan organization, engages in research, investigation, and
education to promote transparency in government.

Your prompt response pursuant to the requirements of FOIA, 5 U.S.C. § 522(a)(6)(A), is
appreciated.

<u>REQUESTED RECORDS</u>

FGI requests from the Department of State, from January 1, 2023, until the date the search begins,
all records related to any of the following:

- The internal press guidance referenced in the *New York Post* article[1] published on
  September 13, 2024, including records to show individual or groups were involved, its
  preparation and implementation, and any other records about that reported press guidance.

- Records with the following terms:
  - "Matt Taibbi"
  - "Gabe Kaminsky"
  - "Washington Examiner"
  - "NY Post"
  - "New York Post"
  - "Global Disinformation Index"
  - "GDI"
  - "disinformationindex.org"
  - "National Endowment for Democracy"
  - "NED"

---

[1] https://nypost.com/2024/09/13/us-news/state-department-tried-to-discredit-reporters-republican-pol-over-
conservative-blacklist/

- "ned.org"
- "Disinformation risk measurement"
- "Conservative media outlets"
- "Blacklist"
- "Park Advisors"

Please exclude records that are merely news or news clips that are sent or received without additional commentary.

Please search the following custodians:

- Antony Blinken, Secretary
- Kurt Campbell, Deputy Secretary
- Suzy George, Chief of Staff
- Lee Satterfield, Acting Under Secretary for Public Diplomacy and Public Affairs
- Stephanie C. Sutton, Acting Assistant Secretary, Bureau of Global Public Affairs
- Kristin Kane, Principal Deputy Assistant Secretary, Bureau of Global Public Affairs
- Jennifer McKewan, Director, Office of Press Operations
- Naz Durakoglu, Assistant Secretary, Bureau of Legislative Affairs
- Roy Awabdeh, Deputy Assistant Secretary for Senate Affairs, Bureau of Legislative Affairs
- Stacy A. Thompson, Deputy Assistant Secretary for House Affairs, Bureau of Legislative Affairs
- Leah Bray, Acting Coordinator, Global Engagement Center
- James P. Rubin, Special Envoy and Coordinator, Global Engagement Center
- The account GECMediaContacts@state.gov and the records of any staff who manage the incoming messages at the Global Engagement Center
- Any other staff who would receive or respond to media inquiries, including with their individual assigned email addresses and not only to and from the "media contacts" address at the Global Engagement Center

The term "all records" in this request refers to letters, correspondence, emails including attachments, calendars, electronic meeting invitations and replies, facsimiles, memoranda, text messages (including messages on encrypted apps such as Signal or WhatsApp), notes from meetings and phone calls, minutes of meetings, agendas of meetings, comments, files, presentations, consultations, drawings, diagrams, graphs, charts, assessments, evaluations, telephone records and logs, collaboration platforms (such as Microsoft Teams, Slack and Zoom), papers (published or unpublished), reports, studies, photographs and other images, databases, data, maps, or all other responsive records in draft or final form that fall within the definition of "agency records" subject to FOIA. This request is not meant to exclude any other records that, although not specifically requested, are reasonably related to the subject matter of this request.

We ask that you please provide all records in an electronic format and, to the extent practicable, in native file format or, if not practicable, with full metadata for all fields. FOIA provides that "an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format."[2] Please provide records in either a load-

---

[2] 5 U.S.C. § 552(a)(3)(B).

ready format with an index in .csv file or Excel spreadsheet, or in PDF format without any portfolios or embedded files and not in a single batched pdf file.

If you should seek to withhold or redact any responsive records, we request that you do the following:

1. Identify each such record with specificity, including date, author, recipient, and parties copied,
2. Explain in full the basis for withholding responsive material,
3. Provide all segregable portions of the records for which you claim a specific exemption[3], and
4. Correlate any redactions with specific exemptions under FOIA.

If you or your office have destroyed or decide to withhold any records that could be reasonably construed to be responsive to this request, please indicate this fact and state the reasons for doing so in your response. Agencies are prohibited from denying requests for information under FOIA unless the agency reasonably believes release of the information will harm an interest that is protected by the exemption.[4]

Should you decide to invoke a FOIA exemption or any subsection (c) exclusions, please include sufficient information for us to assess the basis for the exemption, including any interests that would be harmed by release. Please include a detailed ledger with the following:

1. Basic factual material about each withheld record, including the originator, date, length, general subject matter, and location of each item, and
2. Complete justifications for each withheld records, including the specific exemptions under which the record or portion thereof, was withheld and a full explanation of how each exemption applies to the withheld material. Such statements will be helpful in deciding whether to appeal an adverse determination. Your written justifications may help to avoid litigation.

If you determine that portions of the records requested are exempt from disclosure, we request that you segregate the exempt portions and send the non-exempt portions to my email address below within the statutory time limit.[5]

FGI is willing to receive records on a rolling basis.

To facilitate our request most efficiently, we request that the FOIA office use the agency's email management system as part of the search for this request.

<u>REQUEST FOR FEE WAIVER</u>

Pursuant to 5 U.S.C. § 552 and the relevant FOIA regulations, we request a waiver of fees for searching and producing the requested records. FOIA provides for a waiver of fees when a request is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the

---

[3] See 5 U.S.C. § 552(b).
[4] FOIA Improvement Act of 2016 (Public Law No. 114-185), 5 U.S.C. § 552(a)(8)(A).
[5] 5 U.S.C. § 552(b).

requester."[6]

Below are details explaining (1) how the disclosure of the requested records is in the public interest, (2) that FGI intends distribute information to a broad audience of interested persons, and (3) that FGI has no commercial interests.

In addition, FGI is a "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience" and thus qualifies as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii). Below are details explaining (4) how FGI clearly meets these criteria.

### 1. THE REQUEST IS IN THE PUBLIC INTEREST.

Under FOIA, an agency must consider factors to determine whether a request is in the public interest. These include the following:

A. Whether the subject of the requested records concerns "the operations or activities of the Federal government,"
B. Whether the disclosure is "likely to contribute significantly" to an understanding of government operations or activities, and
C. Whether the disclosure "will contribute to public understanding" of a reasonably broad audience of persons interested in the subject.

As shown below, FGI meets each of these factors.

**A. The requested records concern the operations and activities of the Federal government.**

This request relates to the operations and activities of federal government. The Department of Justice Freedom of Information Act Guide acknowledges that "in most cases records possessed by a federal agency will meet this threshold."[7] Thus, FGI meets this factor.

**B. Disclosure is "likely to contribute significantly" to an understanding of government operations or activities.**

Disclosure of the requested records is certain to contribute to public understanding of what agency officials were considering when implementing press guidance and related issues. With the requested records, there would be improved transparency on whether agency officials are making discussing these issues with integrity and abiding by ethical requirements. Once the information is made available, FGI will evaluate the information and present it to its followers and make it available to the public.

FGI is not requesting these records merely for their intrinsic informational value. The public is always well served when it knows how the government conducts its activities, and the requested records would provide insight in how important decisions were made by federal officials. Hence, there can be no dispute that disclosure of the requested records to the public will significantly increasing the public's understanding about the agency's actions and decisions and whether agency actions were conducted in an objective and legal way.

---

[6] 5 U.S.C. § 552(a)(4)(A)(iii).
[7] https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/fees-feewaivers.pdf

4

Thus, FGI meets this factor.

**C. Disclosure of the requested records will contribute to the understanding of a reasonably broad audience.**

FGI has the ability and intention to convey this information to a broad audience by means discussed below. With significant media coverage of the issue, a broad audience would clearly be interested. Access to the requested records could improve understanding of the agency's discussions.

Such public oversight of agency action is vital to our democratic system and clearly envisioned by the drafters of the FOIA. Thus, FGI meets this factor.

2. <u>FGI HAS THE ABILITY AND INTENT TO DISSEMINATE THE INFORMATION TO A REASONABLY BROAD AUDIENCE INTERESTED IN THE SUBJECT.</u>

FGI is a non-partisan organization that researches government operations and informs the public its findings. Access to information about the activities and decisions of government officials is vital to fulfilling this mission. Once the information is obtained, FGI has robust mechanisms in place, including its website, social media channels, and other platforms, to share information. FGI intends to use its channels to publish the information from these requested records, along with expert analysis. FGI also has a broad network of reporters, bloggers, and media publications with interest in its content and with durable relationships with the organization. FGI intends to use these far-reaching media outlets to publicize information obtained from this request.

Through these means, FGI's dissemination of the information will do the following:

- Ensure that the information requested contributes significantly to the public's understanding of the government's operations or activities,
- Ensure that the information enhances the public's understanding to a greater degree than currently exists,
- Demonstrate that FGI possesses the expertise to explain the requested information to the public,
- Demonstrate that FGI possesses the ability to make the requested information accessible to the general public, and
- Demonstrate that the news media recognizes FGI as a reliable source in the relevant fields.

In determining whether disclosure of requested information will contribute significantly to public understanding, a guiding test is whether the requester will disseminate the information to a reasonably broad audience of persons interested in the subject.[8] FGI need not show how it intends to distribute the information, because, as the court noted, "nothing in FOIA, the [agency] regulation, or our case law require[s] such pointless specificity."[9] It is sufficient for FGI to show how it distributes information to the public generally.[10]

3. <u>OBTAINING THE REQUESTED RECORDS IS OF NO COMMERCIAL INTEREST TO FGI.</u>

---

[8] *Carney v U.S. Dept. of Justice*, 19 F.3d 807 (2nd Cir. 1994).
[9] *Judicial Watch*, 326 F.3d at 1314.
[10] *Id.*

Disclosure is in no way connected with any commercial interest of the requestors. FGI is a non-partisan organization. FGI has no commercial interest and will realize no commercial benefit from the release of the requested records.

4. <u>FGI IS A REPRESENTATIVE OF THE NEWS MEDIA.</u>

Under FOIA, the term "representative of the news media" includes any person or entity that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience."[11]  In *Cause of Action v. Federal Trade Commission*, the Court of Appeals for the District of Columbia broke the test for who is a media entity into five parts: "A requester must: (1) gather information of potential interest (2) to a segment of the public; (3) use its editorial skills to turn the raw materials into a distinct work; and (4) distribute that work (5) to an audience."[12] [13]

In interpreting this test, the court noted that "the news-media waiver... focuses on the nature of the *requester*, not its request."[14] Accordingly, when a requester "satisfies the five criteria as a general matter, it does not matter whether any of the individual FOIA requests does so."[15]  Moreover, the media entity waiver applies to newer organizations as well as older ones, as the court noted: "there is no indication that Congress meant to make the lack of a prior publication record disqualifying when it enacted the statutory definition in 2007."[16]

**A. FGI gathers information of potential interest.**

FGI's mission is to demand transparency and promote shared values and beliefs in a thriving economy, a government that serves the public, a strong workforce, and a safe and clean environment. As part of this mission, FGI engages in investigations and education initiatives around important issues, including high energy prices, the government's COVID-19 response, and government transparency. These are topics of broad public interest, as evidenced by the fact that multiple news outlets have written stories on FGI's work. You can see several FGI's media mentions at https://functionalgovernment.org/category/media-mentions/.

**B. FGI gathers information of interest to a segment of the public.**

As demonstrated above, the information that FGI gathers is of interest to a segment of the public. This includes but is not limited to the segment of the public concerned with government transparency. The size of the segment of the public interests in any particularly information gathering project may vary, however, as the court has noted, "[a] newspaper reporter, for example, is a representative of the news media regardless of how much interest there is in the story for which he or she is requesting information."[17] Moreover, as long as FGI "satisfies the five criteria as a

---

[11] 5 U.S.C. § 552(a)(4)(A)(ii).

[12] 799 F.3d 1108, 1120 (D.C. Cir. 2015).

[13] The court further noted that "the news-media fee waiver applies only to records that 'are not sought for commercial use.'" *Cause of Action*, 700 F.3d at 1120. For the reasons set forth in section 3 above, FGI is not requesting these records for commercial use.

[14] 799 F.3d 1108, 1120 (D.C. Cir. 2015) at 1121 (emphasis in the original).

[15] *Id.*

[16] *Id.* at 1124.

[17] *Cause of Action*, 799 F.3d at 1121.

6

general matter, it does not matter whether any of the individual FOIA requests does so."[18]

As set forth above, FGI believes that this request is of interest to a reasonably broad segment of the public. Even if the agency disagrees, however, there can be no doubt that other issues about which FGI gathers information, such as drivers of inflation in the United States, energy prices, government transparency and more, are of interest to a significant audience.

Accordingly, FGI is an organization that gathers information of interest to a segment of the population.

### C.  FGI uses its editorial skills to turn raw materials into distinct works.

As the D.C. Circuit Court has stated, "A substantive press release or editorial comment can be a distinct work based on the underlying material, just as a newspaper article about the same documents would be — and its composition can involve 'a significant degree of editorial discretion.'"[19] Furthermore, "nothing in principle prevents a journalist from producing 'distinct work' that is based exclusively on documents obtained through FOIA."[20]

FGI is an entity that uses its editorial skills to turn raw materials into distinct works. It routinely issues substantive press releases detailing its activities, posted at functionalgovernment.org. These press releases have included substantive analysis of the information gathered by FGI with a significant degree of editorial discretion. FGI has also prepared detailed reports, posted on its website, and FGI provides substantive editorial comment to other journalists, with many news clips posted on website, as well.

Like a newspaper or other media outlet, FGI uses its editorial skills to turn raw materials into distinct works and intends to do so for other subjects as it gathers additional information. Thus, FGI meets this test.

### D.  FGI distributes its work to an audience.

For purposes of FOIA, "posting content to a public website can qualify as a means of distributing it — notwithstanding that readers have to affirmatively access the content, rather than have it delivered to their doorsteps or beamed into their homes unbidden."[21] Moreover, while "[t]here is no doubt that the requirement that a requester distribute its work to 'an audience' contemplates that the work is distributed to more than a single person… beyond requiring that a person or entity have readers (or listeners or viewers), the statute does not specify what size the audience must be."[22] Additionally, "[t]he fact that [a media entity's] readership is relatively small ... is irrelevant."[23]

Assessing whether a media entity distributes its work to an audience includes consideration of "past record, current operations, and future plans jointly."[24]

---

[18] *Id.*

[19] *Cause of Action*, 799 F.3d 1122 (quoting *Nat. Sec. Archive v. U.S. Dept. of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989)).

[20] *Id.*

[21] *Cause of Action*, 799 F.3d at 1123.

[22] *Id.* at 1124 (footnote omitted).

[23] *Id.* at 1124 (quoting *Tax Analysts v. Dept. of Justice*, 965 F.2d 1092, 1095 (D.C. Cir. 1992)).

[24] *Id.* at 1124.

In addition, the court rejected "the suggestion that a public interest advocacy organization cannot satisfy the statute's distribution criterion because it is 'more like a middleman for dissemination to the media than a representative of the media itself,'" concluding "there is no indication that Congress meant to distinguish between those who reach their ultimate audiences directly and those who partner with others to do so, as some recognized journalistic enterprises do."[25]

FGI will continue to use its website to distribute original editorial content, including press releases. FGI has email subscribers and intends to establish a greater social media presence to reach its audience directly. In addition, FGI has durable relationships with a broad network of reporters, bloggers, and media publications interested in its content and with whom FGI has partnered to distribute its distinct editorial commentary.

Accordingly, FGI distributes its work to an audience.

### E.  FGI qualifies as a representative of the news media.

Under the applicable law, a government accountability group such as FGI qualifies as a media organization for purposes of FOIA when it gathers information of potential interest and uses it to create original content, which can be as simple as issuing a press release or comment to other media organizations, and distributes it, which can be as simple as posting it on a website with an audience greater than one. This is true even if an organization does not have a long track record.

Accordingly, under the standard set forth in FOIA and interpreted in *Cause of Action*, FGI clearly qualifies as a representative of the news media.

FGI QUALIFIES FOR A FULL FEE WAIVER.

For all the foregoing reasons, FGI qualifies for a full fee waiver. At minimum, FGI qualifies as a representative of the news media that is exempt from search and production costs. We anticipate that you will promptly grant our fee waiver request and begin to search and disclose the requested records without any unnecessary delays.

Thank you for your prompt attention to this request. If you have any questions, please contact me. Records and any related correspondence should be sent to my attention to the email address below.

Sincerely,


Roderick Law
Communications Associate
Functional Government Initiative
6218 Georgia Avenue NW, Ste 1 - 1235
Washington, DC 20011-5125
foia@functionalgovernment.org

---

[25] *Id.* at 1125 (citations omitted).

Exhibit H

Ref: F-2025-00882



| From | \<foiastatus@state.gov> |
|------|------------------------|
| To   | \<foia@functionalgovernment.org> |
| Date | 2024-10-07 6:01 pm |

Dear Chris Stanley:


This acknowledges your information access request to the U.S. Department of State. Your request number is F-2025-00882. You will find additional information such as the date your request was received and your request status in your electronic portal page under this case number.


If you requested expedited processing, a fee waiver, or if unusual circumstances apply, you will receive additional correspondence from us.

For further assistance or to discuss any aspect of your request, you may contact our FOIA Requester Service Center or our FOIA Public Liaison via email to FOIAStatus@state.gov or by telephone at (202) 261-8484.



Regards,
Requesters Communications Branch
Office of Information Programs and Services
U.S. Department of State

Exhibit I

# Ref: F-2025-00882, Freedom of Information Act Acknowledgement

| | |
|---|---|
| From | FOIAstatus@state.gov <FOIAstatus@state.gov> |
| To | foia@functionalgovernment.org |
| Date | Monday, October 28th, 2024 at 8:02 AM |

Dear Mr. Stanley:

This email acknowledges receipt of your October 7, 2024, Freedom of Information Act (FOIA) (5 U.S.C. § 552) request received by the U.S. Department of State, Office of Information Programs and Services on October 8, 2024. You are seeking a copy of "from January 1, 2023, until the date the search begins, all records related to any of the following: • The internal press guidance referenced in the New York Post article1 published on September 13, 2024, including records to show individual or groups were involved, its preparation and implementation, and any other records about that reported press guidance. • Records with the following terms: • "Matt Taibbi" • "Gabe Kaminsky" • "Washington Examiner" • "NY Post" • "New York Post" • "Global Disinformation Index" • "GDI" • "disinformationindex.org" • "National Endowment for Democracy" • "NED" • "ned.org" • "Disinformation risk measurement" • "Conservative media outlets" • "Blacklist" • "Park Advisors" Please exclude records that are merely news or news clips that are sent or received without additional commentary. Please search the following custodians: • Antony Blinken, Secretary • Kurt Campbell, Deputy Secretary • Suzy George, Chief of Staff • Lee Satterfield, Acting Under Secretary for Public Diplomacy and Public Affairs • Stephanie C. Sutton, Acting Assistant Secretary, Bureau of Global Public Affairs • Kristin Kane, Principal Deputy Assistant Secretary, Bureau of Global Public Affairs • Jennifer McKewan, Director, Office of Press Operations • Naz Durakoglu, Assistant Secretary, Bureau of Legislative Affairs • Roy Awabdeh, Deputy Assistant Secretary for Senate Affairs, Bureau of Legislative Affairs • Stacy A. Thompson, Deputy Assistant Secretary for House Affairs, Bureau of Legislative Affairs • Leah Bray, Acting Coordinator, Global Engagement Center • James P. Rubin, Special Envoy and Coordinator, Global Engagement Center • The account GECMediaContacts@state.gov and the records of any staff who manage the incoming messages at the Global Engagement Center • Any other staff who would receive or respond to media inquiries, including with their individual assigned email addresses and not only to and from the "media contacts" address at the Global Engagement Center." Unless you advise otherwise, we will treat as non-responsive any compilations of publicly available news reports and any publicly available documents not created by the U.S. government, such as mass-distribution emails from news media. This Office assigned your request the subject reference number and placed it in the complex processing track where it will be processed as quickly as possible. See 22 CFR § 171.11(h).

You requested a waiver for all fees associated with the processing of your request. Please be advised this Office will make a determination regarding a fee waiver at a later date.

This Office will not be able to respond within the 20 days provided by the statute due to "unusual circumstances." See 5 U.S.C. § 552(a)(6)(B)(i)-(iii). In this instance, the unusual circumstances include the need to search for and collect requested records from other Department offices or Foreign Service posts.

If you have any questions regarding your request, would like to narrow the scope or arrange an alternative time frame to speed its processing, or would like an estimated date of completion, please contact our FOIA Requester Service Center or our FOIA Public Liaison by email at FOIAstatus@state.gov or telephone at 202-261-8484. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448.

Sincerely,

Ennelle Debrosse

Branch Chief

FOIA Case Processing/Information Access Programs

Shared Knowledge Services

---

**177.23 KB**   3 files attached

State Reporter Guidance FOIA .pdf 165.83 KB    FOIA Request confirmation #1606561.pdf 5.75 KB

FOIA Request confirmation-F-2025-00876.pdf 5.65 KB