UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF STATE,<br><br>Defendant. | Civil Action No. 24-3622 (TJK) |

## ANSWER

Defendant Department of State ("Defendant"), by and through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1) in this case filed by Plaintiff Functional Government Initiative ("Plaintiff") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs as follows:

## JURIDICTION AND VENUE[1]

1. This paragraph does not contain allegations of fact but rather conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendant admits that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of the FOIA.

2. This paragraph does not contain allegations of fact but rather conclusions of law regarding venue, to which no response is required. To the extent that a response is deemed required, Defendant admits that venue lies in this judicial district for a proper claim under FOIA.

## PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Defendant admits that it is a federal agency within the meaning of the FOIA and that it is headquartered in Washington, D.C. However, the statement that Defendant "has possession, custody, and control of records to which Plaintiff seeks access" is Plaintiff's legal conclusion, to which no response is required. To the extent a response may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

## STATEMENT OF FACTS

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first clause of the first sentence of this paragraph. As for the second clause

---

[1] For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

of the first sentence, Defendant admits that this case concerns three FOIA requests submitted by Plaintiff to Defendant and that Defendant has not yet provided a substantive response to the FOIA requests and avers that Defendant continues to process the requests. The first clause of the sentence describes Plaintiff's FOIA requests, to which a response is not necessary. As for the second sentence, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegation in this clause is alleged for other purposes, it does not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

6. The allegations in this paragraph are Plaintiff's legal conclusions regarding the requirements of FOIA, to which no response is required.

7. This paragraph purports to quote a Department of Justice memorandum, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the memorandum for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

8. The allegations in this paragraph contain legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits only that it has not yet provided a substantive response to the FOIA requests and avers that Defendant continues to process the requests, but otherwise denies the remaining allegations in this paragraph.

9. The allegations in this paragraph are Plaintiff's legal conclusions regarding the requirements of FOIA, to which no response is required.

A.  **FGI'S FOIA REQUEST FOR RECORDS TO THE STATE DEPARTMENT'S BUREAU OF CYBERSPACE AND DIGITAL POLICY.**

10.     Defendant admits that it received a FOIA request from Plaintiff on September 27, 2024.  To the extent this paragraph seeks to characterize the FOIA request, Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  As for the last sentence of this paragraph, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegation in this sentence is alleged for other purposes, it does not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

11.     Defendant admits that it sent Plaintiff an email on September 27, 2024, confirming receipt of Plaintiff's request and assigning it request number F-2024-22053.  In further response, Defendant refers the Court to the cited email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

12.     Defendant admits that it sent Plaintiff an email on October 25, 2024, acknowledging Plaintiff's request.  In further response, Defendant refers the Court to the email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

13.     Defendant admits only that it has not yet provided a substantive response to the FOIA request and avers that Defendant continues to process the request, but otherwise denies the remaining allegations in this paragraph.

**B.  FGI'S FOIA REQUEST FOR RECORDS TO THE DEPARTMENT OF STATE'S GLOBAL ENGAGEMENT CENTER.**

14. Defendant admits that it received a FOIA request from Plaintiff on September 27, 2024. To the extent this paragraph seeks to characterize the FOIA request, Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. As for the last sentence of this paragraph, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegation in this sentence is alleged for other purposes, it does not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

15. Defendant admits that it sent Plaintiff an email on September 27, 2024, confirming receipt of Plaintiff's request and assigning it request number F-2024-22054. In further response, Defendant refers the Court to the email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

16. Defendant admits that it sent Plaintiff an email on October 16, 2024, acknowledging Plaintiff's request. In further response, Defendant refers the Court to the email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

17. Defendant admits only that it has not yet provided a substantive response to the FOIA request and avers that Defendant continues to process the request, but otherwise denies the remaining allegations in this paragraph.

## C.   FGI'S FOIA REQUEST FOR RECORDS RELATED TO SEPTEMBER 13, 2024 *NEW YORK POST* ARTICLE.

18. Defendant admits that it received a FOIA request from Plaintiff on October 7, 2024. To the extent this paragraph seeks to characterize the FOIA request, Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. As for the last sentence of this paragraph, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegation in this sentence is alleged for other purposes, it does not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

19. Defendant admits that it sent Plaintiff an email on October 7, 2024, confirming receipt of Plaintiff's request and assigning it request number F-2025-00882. In further response, Defendant refers the Court to the email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

20. Defendant admits that it sent Plaintiff an email on October 28, 2024, acknowledging Plaintiff's request. In further response, Defendant refers the Court to the email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

21. Defendant admits only that it has not yet provided a substantive response to the FOIA request and avers that Defendant continues to process the request, but otherwise denies the remaining allegations in this paragraph.

## CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

22.     Defendant incorporates by reference all the preceding paragraphs of this Answer as if fully stated herein.

23.     The allegations in this paragraph contain legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant admits only that it has not yet provided a substantive response to the FOIA request and avers that Defendant continues to process the requests.

24.     The allegations in this paragraph contain legal conclusions, to which no response is required.

## PRAYER FOR RELIEF

The remainder of the Complaint, including paragraphs a-e, consists of Plaintiff's request for relief, to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.  Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

**THIRD DEFENSE**

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

**FOURTH DEFENSE**

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

**FIFTH DEFENSE**

Plaintiff has failed to reasonably describe the records sought.

| | |
|---|---|
| Dated: February 10, 2025<br>Washington, DC | Respectfully submitted,<br><br>EDWARD R. MARTIN, JR., D.C. Bar #481866<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Chief, Civil Division<br><br>By: */s/ John J. Bardo*<br>     JOHN J. BARDO, D.C. Bar #1655534<br>     Assistant United States Attorney<br>     601 D Street, NW<br>     Washington, DC 20530<br>     (202) 870-6770<br><br>*Attorneys for the United States of America* |